J-S09010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA DANIEL ROSS | : | |
| | : | |
| Appellant | : | No. 514 WDA 2018 |

Appeal from the Judgment of Sentence March 16, 2018
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000638-2016

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 02, 2019**

Joshua Daniel Ross appeals from the judgment of sentence entered in the Bedford County Court of Common Pleas following his *nolo contendere*[1] plea to indecent assault of a person less than thirteen years old. Ross challenges the discretionary aspects of his sentence. We affirm.

After entering his *nolo contendere* plea, the court sentenced Ross to nine months to five years' imprisonment in a state prison on March 16, 2018. Ross filed a post-sentence petition for reconsideration of sentence. The trial court denied the motion. This timely appeal follows.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] There is some dispute in the sentencing hearing transcript whether Ross pled guilty or pled no contest. Our review of the criminal dockets indicates a *nolo contendere* plea.

On appeal, Ross argues the trial court abused its discretion by sentencing him to a state correctional institution on the grounds that he would receive better treatment than at the county level. Ross concedes this claim challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Ross preserved his issue through a timely motion to modify sentence, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Ross has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870

A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Ross "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

Instantly, Ross's Rule 2119(f) statement, as well as his statement of questions presented, provides this Court with nothing more than a bald allegation that the trial court abused its discretion in imposing his sentence. *See* Appellant's Brief, at 5 and 10. Ross makes no argument as to why his challenge presents a substantial question for our review. Nor does he cite any authority for the proposition that his claim raises a substantial question. Instead, Ross claims that the trial court erred in sentencing him to a maximum of five years based on its belief that he could only receive the counseling he needs at a state correction institute. *See id.* He claims this was error since

"testimony/reports were provided by a certified sex offender therapist who had counseled [Ross] for the last year and was willing to further counsel [him]." ***Id.***, at 10.

It is only in his "ARGUMENT" section of his brief where Ross explains his position is that his maximum sentence is too high given his age and prior record score, and that he should have been given probation instead, since he believes he was already receiving adequate treatment.[2] "[W]e," however, "cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 19 (Pa. 1987) ("Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists.").

Because Ross fails to assert, let alone cite, to any authority that demonstrates the manner in which "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process" ***Tirado***, 870

---

[2] Arguably, even the contention detailed in the argument section of Ross's Brief does not raise a substantial question. ***See Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013) (finding claim that court imposed an excessive sentence by failing to consider rehabilitative needs of defendant did not raise a substantial question).

A.2d at 365, he has failed to raise a substantial question for our review. For this reason, we do not reach the merits of Ross's discretionary claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/02/2019